**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| IN RE: | ) | |
| CTP INNOVATIONS, LLC | ) | **Case No. MDL 14-MD-2581** |
| | ) | **ALL ACTIONS** |
| PATENT LITIGATION | ) | |

### DEFENDANTS' MOTION TO STAY PENDING *INTER PARTES* REVIEW PROCEEDINGS BEFORE THE PATENT TRIAL AND APPEAL BOARD AND MEMORANDUM IN SUPPORT

## MOTION

Defendants American Printing Company, Inc., Ebsco Industries, Inc., Geo Graphics, Inc., Indexx, Inc., Jet Printing, LLC, Taylor Publishing Company, Walton Press, Inc., and Worldwide Tickets and Labels, Inc., (collectively, "Defendants"),[1] by their undersigned counsel, move this Court to stay litigation in this matter pending final decision by the United States Patent and Trademark Office's Patent Trials and Appeal Board ("PTAB") on the four petitions seeking to invalidate the two patents asserted in this matter, namely, U.S. Patent Nos. 6,611,349 (the "'349 Patent") and 6,738,155 (the "'155 Patent") (collectively, the "Patents-in-Suit").

As discussed in the accompanying Memorandum of Law, every relevant consideration counsels in favor of the issuance of a stay, and none weigh in favor of contemporaneous litigation in this Court while the proceedings before the PTAB remain pending.

To summarize these considerations:

- the PTAB affirmatively found that there is a "reasonable likelihood" that the IPR Petitioners "would prevail in showing unpatentability";

- thus, this Court reasonably may conclude that the PTAB will render a decision which will pertain to some or all of the claims at issue in these consolidated actions, thereby rendering simultaneous parallel litigation as a waste of both judicial and economic resources;

- as announced to the Court by its counsel at the telephonic conference on December 8, 2014, CTP intends to initiate anywhere between 20 to 40 additional suits over the next two months, all of which would be subject to these consolidated proceedings and decisions made herein, thereby raising due process considerations for these as-yet unidentified and unserved parties; and

- a stay of these proceedings will cause no unfair prejudice to CTP, as all of these consolidated cases are in their infancy.

---

[1] Defendant Franklin-Dodd does not join only to the extent that the action is administratively closed pending settlement.  To the extent that settlement is not finalized, Franklin-Dodd reserves the ability to join this motion.

For these reasons, Defendants submit that a stay of these proceedings would prevent duplicative and unnecessary litigation, allow the proceedings to be streamlined in light of any decision rendered by the PTAB, and serve the overall interests of justice and judicial economy.

## MEMORANDUM

On November 28, 2014, a three-judge panel of the United States Patent and Trademark Office's Patent Trials and Appeal Board ("PTAB") granted four petitions to institute the IPR proceedings regarding the Patents-in-Suit. The PTAB determined that "there is a reasonable likelihood that Petitioner would prevail in showing unpatentability" of one or more of the asserted claims of the Patents-in-Suit."[2] The PTAB's decision to institute the IPR proceedings regarding the Patents-in-Suit strongly favors the issuance of a stay for a number of reasons.

First, Plaintiff CTP Innovations, LLC ("Plaintiff" or "CTP") no longer may argue, as it has on numerous occasions in the past, that the benefits to be derived from a stay of this case would be speculative. Indeed, in light of the PTAB's finding of a "reasonable likelihood" of unpatentability, there is a strong probability that some or all of the asserted claims of each Patent-in-Suit will be either invalidated, cancelled, or amended during the IPR proceedings. To be sure, with respect to the case(s) that have proceeded to infringement contention stage prior to consolidation of the cases before this Court, all claims that were asserted in CTP's infringement contentions are now subject to IPR proceedings. Accordingly, because some or all of the claims at issue in these cases may be affected by the decision of the PTAB, simultaneous litigation over these claims in these consolidated proceedings (e.g., in terms of both construction and validity) would constitute an unnecessarily duplicative expenditure of the judicial resources of the Court and the economic resources of the parties. It is illogical, for example, to engage in extensive briefing and argument with regard to a proper construction

---

[2] *See, e.g.*, IPR2014-00789, Paper 9 at 24 (attached as Exhibit A). *But see* IPR2014-00791, Paper 9 at 27 (attached as Exhibit B; declining to initiate *inter partes* review of Claims 4-9 of the '349 patent. *See also*, IPR2014-00790, Paper 9 (attached as Exhibit C.

of a particular claim of a patent, when the PTAB already has found a "reasonable likelihood" that such claim is invalid.

Further, through its counsel, CTP has announced its intention to file an additional 20 to 40 <u>additional</u> infringement actions over the next two months in various District Courts. All of these anticipated cases will be subject to these consolidated proceedings. Indeed, the pursuit of a "uniform approach" to these cases was the very purpose for their consolidation. *See* MDL Transfer Order, MDL No. 2581 (entered 12/12/14) at 2. Accordingly, the pre-trial decisions made in these consolidated actions will have a direct effect on these to-be-filed cases. Therefore, due process considerations counsel in favor of a stay, to enable these as-yet unidentified and unserved defendant parties to participate in these proceedings.

Finally, the procedural posture of the eight (8) current cases, as well as CTP's professed intent to sue between 20 and 40 additional defendants, readily demonstrates that CTP will suffer no prejudice from the imposition of a stay. All of these cases are in their infancy. No substantive discovery has occurred. No claim construction ruling has been issued. No decisions affecting the substantive rights of the parties have been entered. In addition to these considerations, Plaintiff is a non-practicing entity and does not compete with Defendants' accused operations. As a result, Plaintiff will not be unduly prejudiced by a stay pending the IPR proceedings.

Accordingly, Defendants respectfully request that the Court order a stay of the proceedings with respect to all claims and counterclaims relating the Patents-in-Suit, in light of the newly-instituted IPR proceedings, in order to prevent any unnecessary waste of time and judicial resources. It is highly likely that such a stay will conserve the resources of the Court and the parties, and may precipitate resolution of or at least greatly simplify this patent case.

# I.
## FACTUAL AND PROCEDURAL BACKGROUND

In June 2013, a mere 3½ months after its formation,[3] Plaintiff CTP Innovations, LLC ("Plaintiff" or "CTP") began filing a series of patent infringement lawsuits relating to the '349 Patent and the '155 Patent.  To date, Plaintiff has filed approximately 49 separate lawsuits in nine different venues throughout the United States.[4]

Shortly thereafter, on May 20, 2014, the Eastman Kodak Company, Agfa Corporation, Esko Software BVBA, and Heidelberg, USA (collectively "Petitioners") contemporaneously and collectively filed four separate petitions (collectively the "Petitions") with the PTAB requesting an *inter partes* review to invalidate all of the claims of both Patents-in-Suit.  *See* Corrected Petition for *Inter Partes* Review of Claims 1–3 of U.S. Patent No. 6,611,349 under 35 USC §312 and 37 C.F.R. §42.104, IPR2014-00790 at 3–4 (attached hereto as Exhibit D); Corrected Petition for *Inter Partes* Review of Claims 4–14 of U.S. Patent No. 6,611,349 under 35 USC §312 and 37 C.F.R. §42.104, IPR2014-00791 at 3–4 (attached hereto as Exhibit E).  *See* Corrected Petition for Inter Partes Review of Claims 10–20 of U.S. Patent No. 6,738,155 under 35 USC §312 and 37 C.F.R. §42.104, IPR2014-00788 at 3–4 (attached hereto as Exhibit F); Corrected Petition for *Inter Partes* Review of Claims 1–9 of U.S. Patent No. 6,738,155 under 35 USC §312 and 37 C.F.R. §42.104, IPR2014-00789 at 4 (attached hereto as Exhibit G).  Defendants were not involved, in any way, with the preparation or filing of these Petitions.

---

[3] *See* Certificate of Good Standing from the Delaware Secretary of State (attached as Exhibit H), reflecting a formation date of March 1, 2013.

[4] *See, e.g., CTP Innovations, LLC v. EBSCO Industries, Inc., 2:14-00812* (N.D. Ala.); *CTP Innovations, LLC v. Worldwide Tickets and Labels, Inc.,* 9:14-cv-80556 (S.D. Fla.); *CTP Innovations, LLC v. Walton Press, Inc.,* 1:13-cv-2174 (N.D. Ga.); *CTP Innovations LLC v. Geo Graphics Inc.,* 1:14-cv-01394 (N.D. Ga.); *CTP Innovations, LLC v. Indexx, Inc.,* 6:14-cv-01770 (D.S.C.); *CTP Innovations, LLC v. American Printing Company, Inc.* 3:13-cv-00582 (M.D. Tenn.); *CTP Innovations, LLC v. Jet Printing, LLC.* 3:13-cv-00585 (M.D. Tenn.); *Taylor Publishing Co. v. CTP Innovations, LLC* 3:13-cv-02222 (N.D. Tex.).

Recently, on November 28, 2014, the PTAB granted the petitions to institute the IPR proceedings with respect to both of the Patents-in-Suit.  These proceedings are highly significant, as the PTAB has indicated that there is reasonable likelihood that some or all of the claims under review may be either invalidated, cancelled, or amended during the IPR proceedings.  Subsequently, on December 12, 2014, the United States Judicial Panel on Multidistrict Litigation issued its Transfer Order, whereby it transferred the remaining actions to the District of Maryland, in order to promote the "just and efficient conduct of the litigation."[5]

In each of the originally-filed cases, the respective cases were just beyond a state of infancy. Only a select few Defendants had filed Answers and Counterclaims, and some (but not all) of the parties had exchanged infringement and invalidity contentions.  No claim construction hearing decision has issued[6]; nor has a trial date been set in any of the various cases.  Additionally, other than Federal Rule of Civil Procedure 26(f) disclosures, no discovery of any kind has been conducted by any of the parties currently before the Court.

As demonstrated by the staggered status of these cases, a stay of the litigation pending the IPR proceedings will result in the simplification of the issues, including the potential cancellation of all claims in the Patents-in-Suit.  Even if some of the asserted claims of the Patents-in-Suit survive, any cancellation of claims, narrowing in scope of any surviving claim, or other statements made during the prosecution of the patents, will have a major impact on discovery and during the *Markman* claim construction proceedings.  In addition, the IPR proceedings may narrow the scope of the issues this Court may eventually confront regarding (1) the scope of discovery, (2) *Daubert* motions, (3) motions

---

[5] *See* MDL Transfer Order, MDL No. 2581 (entered 12/12/14) at 2.
[6] In the E.D. Texas cases, Judge Payne conducted a claim construction hearing. *See* Exhibit I (Markman Hearing transcript). In connection with that hearing, Judge Payne issued preliminary claim construction rulings concerning a number of the disputed claim terms and phrases, but the Court did not issue a final decision, as a result of the settlement of those cases. A true and correct copy of Judge Payne's preliminary claim constructions is attached as Exhibit J.

for summary judgment, and (4) motions in limine.  These concerns are especially acute in light of the fact that an additional 20 to 40 prospective defendants will be affected by the final determination from the IPR proceedings.

Accordingly, Defendants respectfully request that the Court grant this Motion to Stay.

## II.
## APPLICABLE LEGAL STANDARDS

*Inter partes* review is an adversarial procedure by which any person can request that the PTAB reevaluate the patentability of an unexpired U.S. patent.  *See* 35 U.S.C. § 314 et seq.  "Congress intended reexaminations to provide an important 'quality check' on patents that would allow the government to remove defective and erroneously granted patents."  *Rein v. U.S. Patent & Trademark Office*, 553 F.3d 353, 373 n.29 (4th Cir. 2009) (quoting *In re Swanson*, 540 F.3d 1368, 1375 (Fed. Cir. 2008)).  Recently, Congress redesigned IPR proceedings to reduce the time the PTO spends reviewing validity to 12 months (down from the previous reexamination average of 36.2 months). 77 Fed. Reg. 48,680, 48,725, 48,721 (Aug. 14, 2012 (codified at 37 C.F.R. §§ 42.100 *et seq*.)).  Moreover, Congress intended that IPR proceedings be used to "<u>minimize</u> duplication of efforts . . . [through] <u>more coordination</u> between district court litigation and *inter partes* review[.]" 77 Fed. Reg. 48,721 (emphasis added).

Less than a month ago, the PTAB ruled that it was necessary to initiate review of the Patents-in-Suit based on "a reasonable likelihood that Petitioner would prevail in showing unpatentability" of some or all of the claims under review.  *See, e.g.*, Exhibit A at 24; 35 U.S.C. § 314.  As a result, the panel of three technically-trained patent judges at the PTAB, must resolve the petition within one year from the

date on which the PTAB institutes review.[7]  Thus, the PTAB's final decision on invalidity should issue within twelve months from the date the IPR proceedings are instituted.

District courts have "inherent power to manage their dockets and stay proceedings . . . including the authority to order a stay pending conclusion of a PTO reexamination."  *In re Webvention LLC '294 Patent Litigation,* 868 F.Supp.2d 500, 504 (D. Md. 2012) (citing *Akzenta Paneele Profile GmbH v. Unilin Flooring N.C. LLC*, 464 F. Supp. 2d 481, 483 (D. Md. 2006)).  Such stays are "liberally granted" given the "concrete, numerous, and well-recognized" benefits of resort to the PTO, including: "(1) furthering judicial economy; (2) determining validity; (3) focusing the issues, defenses, and evidence; (4) developing the prior art and prosecution history; (5) obtaining the PTO's particular expertise; (6) encouraging settlement; and (7) reducing costs to the parties." *Roblor Mktg. Grp., Inc. v. GPS Indus., Inc.,* 633 F. Supp. 2d 1341, 1348-49 (S.D. Fla. 2008); *Capriola Corp. v. LaRose Ind., LLC*, No. 8:12-cv-2346-T-23TBM, 2013 WL 1868344, at *1 (M.D. Fla. Mar. 11, 2013).[8]

District courts in Maryland have exercised their inherent power to stay proceedings pending completion of patent reexaminations.  *See, e.g., In re Webvention LLC '294 Patent Litigation,* 868 F.Supp.2d 500, 504 (D. Md. 2012) (granting recently consolidated MDL defendants' motion to stay pending conclusion of the Patent Office's reexamination of the patent-in-suit, and explaining that "[t]he early stage of the [MDL] proceedings thus weighs toward granting a stay").  Moreover, "[a]s several courts have noted, the sponsors of the patent reexamination legislation clearly favored the liberal grant of stays by the district courts when patents are submitted for reexamination, as a mechanism for settling

---

[7]  An IPR proceeding may be extended by no more than six months for good cause. *See* 35 U.S.C. § 316(a) (11).

[8]  Plaintiff, in fact, recognizes this.  On September 26, 2014, CTP filed with the MDL Panel an Exhibit which asserted, "[a] court is far more likely to issue a stay after the Patent Trial and Appeal Board ("PTAB") institutes an IPR or CBM review proceeding.  Of the 119 total orders, 93 were issued before the PTAB instituted an IPR or CBM review proceeding.  Of those 93 pre-institution orders, 56% granted or granted-in-part a stay. <u>Of the 26 post-institution orders, 73% granted or granted-in-part a stay.</u>  Response to Joint Motion to Transfer and Consolidate for Pretrial at 42-43, *In re CTP Innovations, LLC Patent Litigation,* MDL No. 2581, (J.P.M.L. September 26, 2014), Dkt No. 48-4.  (Emphasis provided).

disputes quickly and less expensively and for providing the district courts with the expertise of the patent office." *Lentek Int'l v. Sharper Image Corp.*, 169 F. Supp. 2d 1360, 1362 (M.D. Fla. 2001); *see also Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) (Congress intended the reexamination procedure to provide an inexpensive and expedient means of determining patent validity, thereby eliminating that issue at trial or at least facilitating trial of that issue by providing the expertise of the Patent Office); *ASCII Corp. v. STD Entm't USA*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994) ("there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings").

Moreover, it is also well understood that the prosecution, and outcome, of IPR proceedings can have a significant impact on litigation involving the same patents.  Several courts have recognized the importance and effect of reexamination proceedings by requiring that litigants notify the court as soon as reexamination petitions are filed.  *See Virginia Innovation Scis., Inc. v. Samsung Elecs., Co., Ltd.*, No. 2:12-CV-548, 2014 WL 464839, at *36 (E.D. Va. May 2, 2014) ("[t]he parties should have notified this Court of the IPR petition as soon as it was filed, and the failure to do so appears, at least to the undersigned Judge, to have been a glaring omission. By not notifying the Court, counsel have, at the very least, failed to comply with their general duty of candor and good faith to this Court because the IPR proceeding was clearly a 'development which may conceivably affect the outcome of the litigation' . . . .").

In determining whether to stay an action pending IPR proceedings, courts typically consider three factors: 1) the stage of the proceedings; 2) whether a stay would unduly prejudice the nonmoving party; and 3) whether a stay would simplify issues and the trial of the case.  *In re Webvention LLC '294 Patent Litigation,* 868 F.Supp.2d at 504.  Here, all of these factors weigh in favor of granting a stay.

A.      **The Early Stage of Litigation Favors A Stay**

"In assessing the stage of the proceedings, Courts focus on whether a trial date has been set and the degree to which discovery has been completed." *Akzenta Paneele*, 464 F. Supp. 2d at 484 (citation omitted).  As stated above, no substantive activity has taken place in any of the cases before the Court, nor have any judicial decisions been made which would affect the rights of any of the parties.  This case was recently consolidated by the Multidistrict Litigation Panel and transferred to this judicial district for all pre-trial proceedings.  The parties are in the early stages of providing this court with requested preliminary information, written discovery has not been requested or exchanged, and no dates have been scheduled for a claim construction hearing or trial.

A stay is especially appropriate at this early stage of the case before the Parties or the Court have expended any significant resources.  Indeed, courts in this District have granted motions to stay pending reexamination in cases that were similarly situated as the instant matter. *See, e.g., In re Webvention LLC '294 Patent Litigation,* 868 F.Supp.2d at 504 (where cases were recently consolidated in MDL litigation and parties had engaged in minimal discovery pre-transfer, the Court determined that "[t]he early stage of the proceedings thus weighs toward granting a stay").  Here, as in *Webvention*, the parties were recently consolidated as part of an MDL request and no substantive proceedings have taken place subsequent to the consolidation decision of the MDL panel.  Further, Defendants are moving for a stay at the earliest possible opportunity subsequent to the MDL consolidation.  In the event that a stay is not granted, the Court and the parties will be required to expend significant resources to harmonize the staggered procedural postures of the recently consolidated matters.  Meanwhile, it is possible that some or all of the asserted claims under review by the PTAB may be invalidated during the IPR proceedings, thereby rendering the expenditure of these resources unnecessarily wasteful for both the Court and the

litigants.  As a result, the timing of the consolidation makes the instant case ripe for a stay pending the outcome of the IPR proceedings.

**B.**     **Plaintiff Will Suffer No Undue Prejudice As A Result of A Stay**

Whether the patentee will be unduly prejudiced by a stay pending the IPR proceedings focuses on the patentee's need for an expeditious resolution of its claims. *VirtualAgility Inc. v. Saleforce.com, Inc.*, 2014-1232, slip op. at 22 (Fed. Cir. July 10, 2014).  However, "[a] stay will not diminish the monetary damages to which [Plaintiff] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages and delays any potential injunctive remedy." *Id.*

"Courts generally assume that a stay will be prejudicial where . . . the plaintiff and defendant in an infringement suit are direct competitors."  *Mike's Train House, Inc. v. Broadway Ltd. Imports*, No. JKB-09-2657, 2011 U.S. Dist. LEXIS 22224 at *7, 2011 WL 836673 at *2 (D. Md. Mar. 3, 2011).  However, in the event that the plaintiff is a non-practicing entity, this Court has found that no such prejudice exists.  *See, e.g., In re Webvention LLC '294 Patent Litigation,* 868 F.Supp.2d at 505 ("In the instant litigation, Webvention is a non-practicing entity . . . [t]hus, there is no similar asymmetric risk to delaying the instant litigation pending reexamination[.]").

Here, as in *Webvention*, Plaintiff is a non-practicing entity that was created approximately three months before it filed its first lawsuit seeking damages for infringement of the Patents-in-Suit.  It is not a competitor in the printing industry, and it offers no products or services.  It exists solely to monetize the Patents-in-Suit and file lawsuits.  Consequently, as a non-practicing entity, Plaintiff will suffer no monetary prejudice from the grant of a stay.  Any delay in monetary compensation will be fully accounted for if Plaintiff ultimately prevails on the merits of its claims.  *See, e.g., Patlex Corp. v.*

*Mossinghoff*, 758 F.2d 594, 603 (Fed. Cir. 1985) (noting that if the patent emerges from reexamination unchanged, damages would continue to accrue during the period of the stay).

Also, while there are currently eight defendants before this court, CTP expects to file another 20 to 40 new lawsuits in various districts within the next two months. These prospective cases will be consolidated with this MDL. If 40 new lawsuits are consolidated, this would mean that the current list of defendants is less than 20% of the expected total, and it likely will be several months before the other defendants are present. Since CTP began monetizing the Patents-in-Suit by filing a series of infringement lawsuits, it will have waited at least 18 months to institute actions against these 20-40 defendants. This is another factor that undercuts any argument of "delay" and "undue prejudice" that this non-practicing entity Plaintiff may assert.

Further, the mere fact that litigation may be delayed as a result of a stay pending the IPR proceeding does not constitute undue prejudice to a patent infringement plaintiff, especially when, as here, the parties have not yet expended any significant time or resources in the litigation. *See, e.g.*, *Se. Metals Mfg. Co. v. Millennium Metals, Inc.*, No. 3:11-1058, 2012 WL 983767, at *2 (M.D. Fla. Mar. 21, 2012) (rejecting plaintiff's argument that it would be prejudiced by a potentially lengthy stay); s*ee also In re Cygnus Telecomms.*, 385 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005) ("The court finds the delay caused by a stay to be potentially acceptable and not unduly prejudicial in light of the clarity reexamination of the patents-in-suit may bring to the litigation"); *Akeena Solar, Inc. v. Zep Solar, Inc.*, No. C 09–05040, 2010 WL 1526388 at *3 (N.D. Cal. Apr. 14, 2010) ("Delay inherent to the reexamination process does not constitute, by itself, undue prejudice.").

Additionally, courts have held that there is likely <u>no</u> prejudice given the early stage of litigation at which a stay is sought. "Delay due to the reexamination process is not itself a reason to find prejudice

against plaintiffs." *DSW Inc. v. Shoe Show, Inc.*, No. 1:11 CV 1797, 2012 WL 2994193, at *2 (N.D. Ohio July 20, 2012).  This is particularly true for *inter partes* review proceedings where the PTAB is statutorily required to reach a final written decision within 12 months (or 18 months upon good cause) after instituting the proceeding.  *See* 35 U.S.C. § 316(11).

Defendants do not gain any tactical advantage by seeking a stay of these proceedings at this early stage of the litigation.  Rather, they stand to gain only the same benefits that will be enjoyed by the Court and Plaintiff: an expert determination by the USPTO of the validity of the Patents-in-Suit through a process more expeditious and far less expensive than litigation, and a streamlining of the disputed legal issues to avoid unnecessary litigation.  These are precisely the purposes envisioned by Congress in its enactment of the reexamination statute.  *Rein v. U.S. Patent & Trademark Office*, 553 F.3d 353, 373 n.29 (4th Cir. 2009) ("Congress intended reexaminations to provide an important 'quality check' on patents that would allow the government to remove defective and erroneously granted patents.").[9]

In fact, denial of a stay could subject the Defendants to unfair prejudice if, for example, they were ordered to pay damages to Plaintiff on any patent claims later canceled, found invalid or amended during *inter partes* review, as such payments might not be recoverable.  *See Bausch & Lomb., Inc. v. Alcon Labs.*, 914 F. Supp. 951, 952 (W.D.N.Y. 1996) (staying trial despite "the advanced stage of this litigation" because of the risk that defendant would be forced to pay damages on a patent that the Patent Office later determines is invalid).

Finally, Plaintiff has not demonstrated any urgency in its requests for relief.  Again, for reasons only known to the CTP, it has waited approximately 18 months before threatening to sue another 20-40

---

[9] Defendants fully expect CTP to argue that, if this Court elects to impose a stay, the Defendants should be prohibited from raising (at a later time) their own independent invalidity challenges to the Patents-in-Suit.  This argument is without merit. As stated above, the Defendants had no participation or involvement whatsoever in the preparation and submission of the IPR petitions.  Moreover, the PTAB itself has rejected CTP's claim that the current Defendants are "real-parties-in-interest" to the IPR proceedings.  *See, e.g.*, IPR2014-00788, Paper 9 at 9-10 (attached as Exhibit K).

defendants.  Further, as to the Defendants which it has sued, Plaintiff has not sought preliminary injunctions as part of any of its Complaints.  This, plus the lack of any market competition between the Parties, negates the traditional concerns regarding the prejudice that may result from delaying trial.  *See VirtualAgility Inc. v. Saleforce.com, Inc.*, 2014-1232, slip op. at 22-23 (Fed. Cir. July 10, 2014) (finding absence of request for preliminary injunctive relief evidence contradicting Plaintiffs' claims of undue prejudice); *Evolutionary Intelligence LLC v. Yelp Inc.*, No. C-13-03587 DMR, 2013 WL 6672451, at *8 (N.D. Cal. Dec. 18, 2013) ("If the parties are not competitors (meaning that the plaintiff does not market any products or services covered by the claims of the patents-in-suit and does not seek a preliminary injunction), the plaintiff does not risk irreparable harm by the defendant's continued use of the accused technology and can be fully restored to the *status quo ante* with monetary relief.").

C.      **A Stay Will Reduce the Burden on the Parties and the Court**

There is no question that the *inter partes* review proceedings will affect this lawsuit.  At the very least, the *inter partes* proceedings will further clarify the intended scope of the Patents-in-Suit.  This court must ultimately construe the claims of the Patents-in-Suit in light of the prosecution history, which will necessarily include the IPR proceedings.  Since the PTAB has decided to initiate review of the Patents-in-Suit, any arguments made and office actions taken during reexamination will help define the scope of the asserted claims and provide the Court and parties with the benefit of the PTAB's insights on the patent claims.  *Gould*, 705 F.2d at 1342 (reexamination can "facilitate trial of [the validity] issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding).");  *see also Freedom Scientific, Inc. v. Enhanced Vision Sys.*, No. 8:11-1194, 2012 WL 9064727 (M.D. Fla. Jan. 31, 2012) (granting motion to stay pending resolution of patent reexamination will likely simplify the issues and streamline or obviate the need for a trial).

Further, it is possible that some or perhaps all of the issues raised in this litigation could be mooted by the *inter partes* proceedings.  As recently noted by the Federal Circuit, the *inter partes* proceedings "could dispose of the entire litigation: the ultimate simplification of issues."  *VirtualAgility Inc. v. Saleforce.com, Inc.*, 2014-1232, slip op. at 13 (Fed. Cir. July 10, 2014); *see also Gould*, 705 F.2d at 1342 (Fed. Cir. 1983); *Versata Software, Inc. v. Callidus Software, Inc.*, No. 2014-1468(Fed. Cir. Nov. 20, 2014).  Similarly, courts in similar circumstances have noted that the issues and trial of a case will be simplified if even just *one* of the asserted patent claims is canceled during reexamination, and in such circumstances the grant of a stay "will maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims." *Roblor*, 633 F. Supp. 2d at 1348; *see also Translogic Technology, Inc. v. Hitachi, Ltd.*, 250 Fed. Appx. 988 (Fed. Cir. 2007) (exemplifying the inefficiencies that can result from parallel proceedings without a stay, including the risk that a judgment would be reversed as the result of a conflicting outcome in the reexamination.).

Additionally, during *inter partes* proceedings, Plaintiff has the ability to modify, add or cancel claims of the Patents-in-Suit.  *See* 35 U.S.C. §  317(d).  Should this litigation proceed in parallel to the proceedings before the PTAB, the parties and the Court will likely be required to waste resources concerning issues that may ultimately be modified or mooted by the *inter partes* proceeding.  *See Tap Pharm. Prods. Inc. v. Atrix*, No. 03 C 7822, 2004 WL 422697 * 2 (N.D. Ill. 2004 Mar. 3, 2004) (noting that "[t]here is a significant chance that the PTO will either invalidate this patent or drastically decrease its scope.  This creates a very real possibility that the parties will waste their resources litigating over issues that will ultimately be rendered moot by the PTO's findings. Simplification of the issues will allow both parties to conserve time and resources.").  Courts in similar circumstances have recognized that even if some of the claims are ultimately only amended (rather than canceled) during IPR

proceedings, forging ahead with the litigation "presents a strong likelihood that significant resources will be expended on discovery, claim construction, summary judgment motions, and potentially trial, which would have to be re-done in view of the outcome of the reexamination." *Roblor*, 633 F. Supp. 2d at 1349.  This is why it appears that roughly 73% of courts have ruled in favor of stays on motions such as the present one, i.e., motion to stay filed after the institution of IPR or covered business method (CBM) review.  *See* fn. 8, *supra*.

Furthermore, the damages issues in this case are also likely to be affected by the outcome of the IPR proceedings.  Under the doctrine of intervening rights, with respect to any patent claim that is substantively amended during an IPR, reexamination, or reissue proceeding, damages accrue *only after* the proceedings conclude, and cannot be recovered for any infringement occurring prior to the amendment.  *See Flexiteek Americas, Inc. v. Plasteak, Inc*., No. 08-60996, 2010 WL 2976859, at *6-7 (S.D. Fla. July 20, 2010) (*citing Bloom Eng'g Co. v. North Am. Mfg.* Co., 129 F.3d 1247, 1250 (Fed. Cir. 1997)); *see also Abbey v. Bill Ussery Motors, Inc.*, 74 F. Supp. 2d 1217 (S.D. Fla. 1999) (granting motion for partial summary judgment on computation of damages upon determining that the amended claims could not be enforced before the date of reexamination).

Because of the significant effect that the IPR proceedings will likely have on the issues in these lawsuits, a stay will greatly reduce the burden on the parties and the court by eliminating the potential for wasted resources and duplicative proceedings.   This factor strongly favors a stay.

**D.**     **A Stay Had Previously Been Issued By Another District**

Finally, the Middle District of Tennessee recently granted a motion to stay in the earlier-filed cases involving the same Plaintiff and Patents-in-Suit.  *See CTP Innovations, LLC v. MPI Label Systems*, 3:13-CV-583, Dkt No. 37 (D. Tenn. June 17, 2014) (Order granting stay pending

reexamination).  The cases for Defendants American Printing Company, Inc. and Jet Printing, LLC, which were previously pending in the Middle District of Tennessee, were administratively closed pending the final decision of the IPR proceedings.  This factor strongly favors a stay in this case.

## V.
## CONCLUSION

As stated above, Congress intended that IPR proceedings be used to "minimize duplication of efforts . . . [through] more coordination between district court litigation and *inter partes* review[.]" 77 Fed. Reg. 48,721 (emphasis added).  Complimentary considerations also are embodied in the Federal Rules of Civil Procedure, which should be applied to ensure "the just, speedy, and inexpensive determination of every action and proceeding."  Rule 1, Fed. R. Civ. P. (emphasis added).  For the forgoing reasons, and particularly because a stay would reduce the burden of this litigation for the Court and the parties without unduly prejudicing Plaintiff, Defendants respectfully move the Court to grant a stay of this lawsuit pending the final decision of the four Petitions for *inter partes* review pending before the PTAB.

## CERTIFICATE OF L.R. 7.1(a)(3) COMPLIANCE

Counsel for Defendants has conferred with counsel for Plaintiff in a good faith effort to resolve the issues raised herein but has been unable to do so.  Counsel for Plaintiff indicated Plaintiff objects to the relief requested herein and would be filing an opposition thereto.

Dated: December 23, 2014

Respectfully submitted,

| | |
|---|---|
| /s/ Ross B. Plyler | /s/ John M. Jackson |
| Ross B. Plyler | John M. J |
| Fed. ID 9409 | ackson |
| *Pro Hac Vice Motion pending* | Texas Bar No. 24002340 |
| Logan McCombs Wells | *Admitted Pro Hac Vice* |
| **Collins & Lacy, PC** | PHV Bar No: 802739 |
| 110 West North Street | Nathaniel St. Clair, II |
| Suite 100 | Texas Bar No. 24071564 |
| Greenville, SC 29602 | *Admitted pro hac vice* |
| | PHV Bar No: 802745 |
| *Attorneys for Indexx, Inc.* | **JACKSON WALKER L.L.P.** |
| | 901 Main Street, Suite 6000 |
| | Dallas, Texas 75202-3797 |
| | Telephone:  (214) 953-6000 |
| | Facsimile:  (214) 953-5822 |
| | |
| | *Attorneys for Taylor Publishing, Worldwide Tickets and Labels, Inc., and Indexx, Inc.* |

| | |
|---|---|
| /s/ Robert J. Veal<br>Robert J. Veal<br>Alabama State Bar No. ASB 8745-L64R<br>*Admitted Pro Hac Vice*<br>PHV Bar No: 802769<br>**Veal Intellectual Property, LLC**<br>11555 Medlock Bridge Road, Suite 100<br>Johns Creek, GA 30097<br>Tel: (678) 653-4758<br>Fax: (678) 597-1101<br>(rjveal@veal-ip.com)<br><br>*Attorney for EBSCO Industries, Inc.* | /s/ Robert W. Hughes, Jr.<br>*Admitted Pro Hac Vice*<br>Georgia State Bar No: 376311<br>PHV Bar No: 802755<br>**Robert W. Hughes & Associates, P.C.**<br>390 West Crogan Street, Suite 230<br>Lawrenceville, GA 30046<br>(770) 469-8887<br>(678)680-6095 Fax<br>(robby@hughespclaw.com)<br><br>*Attorney for Walton Press, Inc.* |
| s/ Andrew B. Campbell<br>Andrew B. Campbell<br>TN BPR #14258, PHV #802757<br>Carl T. Eppler<br>TN BPR #31112, PHV #802767<br>**WYATT, TARRANT & COMBS, LLP**<br>2525 West End Ave, Suite 1500<br>Nashville, TN 37203-1423<br>(615) 244-0020<br>(*acampbell@wyattfirm.com*)<br>(*ceppler@wyattfirm.com*)<br><br>Stephen C. Hall<br>(KY Bar #84409, PHV #802768)<br>**WYATT, TARRANT & COMBS, LLP**<br>500 West Jefferson Street, Suite 2800<br>Louisville, Kentucky  40202<br>(502) 589-5235<br>(*schall@wyattfirm.com*)<br><br>*Attorneys for American Printing Company, Inc.* | */s/ Anthony F. Blum*<br>Matthew A. Braunel<br>Missouri Bar No: 50711<br>*Pro Hac Vice Motion pending*<br>Anthony F. Blum<br>Missouri Bar No: 60993<br>*Pro Hac Vice Motion pending*<br>**THOMPSON COBURN LLP**<br>One U.S. Bank Plaza<br>St. Louis, Missouri 63101<br>314-552-6000<br>FAX 314-552-7000<br>(mbraunel@thompsoncoburn.com)<br>(ablum@thompsoncoburn.com)<br><br>*Attorneys for Jet Printing, LLC* |

|  | Christopher W. Cardwell<br>Tennessee Bar No: 19751<br>*Pro Hac Vice Motion pending*<br>Jack W. Robinson, Jr.<br>Tennessee Bar No: 11656<br>*Pro Hac Vice Motion pending*<br>**Gullett, Sanford, Robinson & Martin**<br>150 Third Avenue South<br>Suite 1700<br>Nashville, TN 37201<br>Email: ecardwell@gsrm.com<br>jrobinsonjr@gsrm.com<br><br>*Attorneys for Jet Printing, LLC* |
|---|---|
| /s/ Douglas G. Scribner<br>Douglas G. Scribner<br>Georgia Bar No: 632755<br>*Pro Hac Vice Motion pending*<br>Emily Chambers<br>Georgia Bar No: 606071<br>*Pro Hac Vice Motion pending*<br>Kamran Jivani<br>Georgia Bar No: 510908<br>*Admitted Pro Hac Vice*<br>PHV Bar No: 510908<br>**Alston & Bird**<br>1201 West Peachtree Street<br>One Atlantic Center<br>Atlanta, Georgia 30309-3424<br>(dscribner@alston.com)<br>(Emily.chambers@alston.com)<br>(Kamran.Jivani@alston.com )<br><br>*Attorneys for GEO Graphic, Inc.* |  |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of December, 2014, I served the foregoing document on all counsel of record via electronic mail. Hard copies of the foregoing are also being submitted to Judge's Chambers and served on Plaintiffs' counsel via UPS Overnight. A copy of the foregoing document will be filed with the Clerk of Court using CM/ECF at the first available opportunity after the technical issues regarding CM/ECF have been resolved.

/s/ John M. Jackson
John M. Jackson – MD Bar No. 802739
Jackson Walker LLP
901 Main St., Ste. 6000
Dallas, Texas 75202
214-953-6109
