IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

_____

| | | |
|---|---|---|
| IN RE: CTP INNOVATIONS, LLC, | ) | MDL No. 14-MD-2581 |
| PATENT LITIGATION | ) | |

=============================== )

| | | |
|---|---|---|
| CTP INNOVATIONS, LLC v. | ) | 15-cv-1469-MJG |
| PUBLICATION PRINTERS | ) | |
| CORPORATION | ) | |
| | ) | |
| CTP INNOVATIONS, LLC v. | ) | |
| COMMAND WEB OFFSET COMPANY, INC. | ) | 15-cv-1470-MJG |
| | ) | |
| CTP INNOVATIONS, LLC v. | ) | |
| SANDY ALEXANDER, INC. | ) | 15-cv-1471-MJG |
| | ) | |
| CTP INNOVATIONS, LLC v. | ) | 15-cv-1550-MJG |
| F.C.L. GRAPHICS, INC. | ) | |
| | ) | |
| CTP INNOVATIONS, LLC v. | ) | 15-cv-1552-MJG |
| PHOENIX LITHOGRAPHING | ) | |
| CORPORATION | ) | |
| | ) | |
| CTP INNOVATIONS, LLC v. | ) | |
| WORZALLA PUBLISHING COMPANY, | ) | 15-cv-1646-MJG |
| | ) | |
| CTP INNOVATIONS, LLC. v. | ) | 15-cv-1693-MJG |
| ARANDELL CORPORATION | ) | |
| | ) | |
| CTP INNOVATIONS, LLC v. | ) | |
| SCHUMANN PRINTERS, INC. | ) | 15-cv-1813-MJG |
| | ) | |
| CTP INNOVATIONS, LLC v. | ) | |
| TIMES PRINTING CO., INC. | ) | 15-cv-2052-MJG |
| | ) | |
| CTP INNOVATIONS, LLC v. | ) | |
| TREND OFFSET PRINTING SERVICES | ) | 15-cv-2389-MJG |
| INC. | ) | |
| | ) | |
| CTP INNOVATIONS, LLC v. | ) | 15-cv-2391-MJG |
| ENNIS, INC. | ) | |
| | ) | |

*        *        *        *        *        *        *        *        *

MEMORANDUM & ORDER RE: MOTIONS TO DISMISS

The Court has before it Motions to Dismiss ("Dismissal Motions") [1] in the eleven captioned cases and the materials submitted relating thereto.   The Court finds no need for a hearing to resolve the pending motions.

Defendants in all eleven cases seek dismissal for Plaintiff's alleged failure adequately to plead a direct infringement claim and willfulness.  In three of these cases, [2] the Defendants also seek dismissal under 35 U.S.C. § 101, citing Alice Corp. Pty. Ltd. v. CLS Bank Int'l, 573 U.S. ---, 134 S. Ct. 2347 (2014).

The Court finds no hearing necessary with regard to the instant motions.

---

[1]    ECF Nos. as shown in the accompanying table:

| Individual Case Nos. | ECF No. | ECF No. in 14-MD-2581 |
|---|---|---|
| 15-cv-1469-MJG | 22 | 99 |
| 15-cv-1470-MJG | 24 | 128 |
| 15-cv-1471-MJG | 29 | 134 |
| 15-cv-1550-MJG | 29 | NA |
| 15-cv-1552-MJG | 20 | 140 |
| 15-cv-1646-MJG | 23 | 135 |
| 15-cv-1693-MJG | 24 | 156 |
| 15-cv-1813-MJG | 21 | 151 |
| 15-cv-2052-MJG | 12 | 170 |
| 15-cv-2389-MJG | 18 | NA |
| 15-cv-2391-MJG | 11 | NA |

Where the motion was filed prior to the transfer to MDL, there is no document on the MDL docket.  All document numbers referenced hereafter are from the MDL docket, unless otherwise noted.  At the date of filing, an additional Motion to Dismiss has been filed in 15-cv-1692-MJG, but it is not yet ripe for decision.

[2]    ECF Nos. 128, 134, 135.

I.   <u>BACKGROUND</u>

Plaintiff, CTP Innovations, LLC ("CTP"), is the owner of United States Patent Nos. 6,611,349 ("the '349 Patent") and 6,738,155 ("the '155 Patent") (collectively, "the Patents in Suit").  The Patents in Suit pertain to systems and methods relating to the printing industry.

A group of third-party manufacturers[3] filed four petitions for <u>inter</u> <u>partes</u> review ("IPR") with PTAB regarding the Patents in Suit.  On November 26 and 29, 2014, the PTAB accepted the petitions with regard to all claims of the '155 Patent and most claims of the '349 Patent.  The only claims not at issue in the PTAB proceedings are method claims 4-9 of the '349 Patent ("Claims 4-9").  The PTAB proceedings are underway with decisions anticipated no later than a year after the November dates on which the proceedings commenced, <u>i.e.</u>, November 26 and 29, 2015.

On December 12, 2014, the United States Judicial Panel on Multidistrict Litigation ("the Panel") issued its Transfer Order [ECF No. 1] consolidating the pending actions involving the

---

[3]   The manufacturers have supplied to some, but not all defendants, products that, CTP asserts, meet various limitations of claims of the Patents in Suit.  Apparently, the manufacturers are concerned about their customer-defendants' potential assertion of indemnity claims.  Hence, they would benefit from a PTAB decision invalidating the Patents in Suit.

Patents in Suit and transferring them for pretrial purposes before this Court.

Prior to 2015, CTP had sued some 49 printing companies, alleging infringement of the '359 and '149 Patents.  By early 2015, 41 of these cases had settled, leaving 8 cases pending in 6 districts.  The Court stayed further litigation of the remaining cases conditioned on the defendant's stipulation that it would be bound by the PTAB's final decision regarding the validity of CTP's patent claims.  However, the Court granted CTP's request that the stay not extend to Claims 4-9 because those claims were outside the scope of the IPR proceedings.  CTP then commenced filing tag-a-long cases alleging infringement of Claim 4 of the '349 Patent.  As of this date, 17 of these tag-a-long cases have been transferred to this Court and consolidated under MDL 14-MD-2581.

The instant Dismissal Motions have been filed by the named Defendants requesting that the Court dismiss CTP's Complaint against them under Rule[4] 12(b)(6) for failure to state a claim on which relief can be granted.

---

[4]   All "Rule" references herein are to the Federal Rules of Civil Procedure.

II.   <u>DISMISSAL STANDARD</u>

A motion to dismiss filed pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint.  A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citations omitted).

When evaluating a 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff. However, conclusory statements or a "formulaic recitation of the elements of a cause of action" will not suffice.  <u>Id.</u>  A complaint must allege sufficient facts to cross "the line between possibility and plausibility of entitlement to relief." <u>Id.</u> at 557.


III. <u>DISCUSSION</u>

A.   <u>Direct Infringement</u>

In each of the instant Dismissal Motions, each Defendant argues that CTP has failed to satisfy Form 18 pleading because it has failed to identify any infringing instrumentality or

method but simply restates a portion of the language from the '349 Patent.

To plead a direct infringement claim, a complaint must, at a minimum, meet the requirements of Form 18 of the Federal Rules of Civil Procedure. See K-Tech Telecomms., Inc. v. Time Warner Cable, Inc., 714 F.3d 1277, 1283-84 (Fed. Cir. 2013) ("[T]o the extent any conflict exists between Twombly (and its progeny) and the Forms regarding pleadings requirements, the Forms control.").[5] Form 18 requires a plaintiff to make "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." Id. at 1283.

"That [Plaintiff] cannot point to the specific device or product within [Defendants'] systems . . . should not bar [Plaintiff's] filing of a complaint." Id. at 1286. "The touchstones of an appropriate analysis under Form 18 are notice and facial plausibility," and although "these requirements serve

---

[5]    The Court notes that absent contrary Congressional action, Form 18 will be abrogated effective December 1, 2015. Fed. R. Civ. P. Form 18.

as a bar against frivolous pleading, it is not an extraordinarily high one." Id. (internal citations omitted).

Certainly, as Defendants contend, at least "some" identification is required to be sufficient to put Defendants on notice as to what activity, method, or procedure is alleged to infringe.  See Addiction & Detoxification Inst. L.L.C. v. Carpenter, --- Fed. Appx. ----, No. 2014-1797, 2015 WL 4430128, at *3 (Fed. Cir. July 21, 2015)("There must be some allegation of specific services or products of the defendants which are being accused.").

However, CTP has pleaded more than a simple statement that "you infringe my patent."  See id.  CTP attached a copy of the '349 Patent, and alleged that Claim 4 was infringed by the Defendants' "method of generating a plate-ready file configured for the creation of a printing plate, said plate-ready file being associated with page layouts and being provided in real time from a remote location using a communication network and selling and offering services that include this method (the "Infringing Services")."  See, e.g., Compl. ¶ 28, ECF No. 54-2. CTP also alleged that Defendants' "[e]xemplary Infringing Services include, without limitation, systems and methods used by [Defendant] in connection with, at least, its offset sheet-fed and web printing services that involve workflows related to

plate-ready files and/or the generation of such files." Id. at
¶ 30.  CTP further identified services that would not infringe
the '349 Patent and stated that it could not provide a more
specific name for the service because none was publicly
available. See id. at ¶¶ 29-31.

As each Complaint states, "Defendant has sufficient
experience and knowledge of computer to plate technology
generally, and of its systems and methods specifically, to
determine which of its systems and methods involve the
generation of plate-ready files." Id. at ¶ 32.  CTP's
allegations are sufficient to give notice of the infringing
activity in light of the "breadth and complexity of both the
asserted patents and the accused product or system and [of] the
nature of the defendant's business activities." K-Tech, 714
F.3d at 1286.

Accordingly, CTP's allegations of direct infringement
adequately comply with Form 18.  Under the currently applicable
Federal Rules of Civil Procedure,[6] no more is required to plead a
direct infringement claim.

---

[6]   Until the December 1, 2015 effective date for certain
amendments to the Federal Rules of Civil Procedure.

B.   Willfulness

A claim for willful infringement is not governed by any of the forms in the Appendix of Forms, including Form 18, which only relates to claims of direct infringement.  Therefore, bare allegations are insufficient, and a plaintiff's claims of willful infringement must be evaluated under the plausibility standard set forth in Twombly and Iqbal.  See, e.g., Virginia Innovation Sciences, Inc. v. Samsung Electronics Co., 983 F. Supp. 2d 700, 704 (E.D. Va. 2013).

"A motion to dismiss for failure to state a claim . . . is a purely procedural question not pertaining to patent law." McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1355-56 (Fed. Cir. 2007).  Accordingly, the regional circuit law, rather than Federal Circuit law, governs. See id. at 1356.  The instant Dismissal Motions span multiple jurisdictions, and the pleading standards vary, with some jurisdictions requiring more than basic pleading of direct infringement and pre-suit knowledge. Compare Mitutoyo Corp. v. Cent. Purchasing, LLC, 499 F.3d 1284, 1290 (Fed. Cir. 2007) (recognizing that in order to plead willful infringement, a plaintiff need only "allege (1) infringement of the patent-in-suit; and (2) pre-filing 'knowledge' of the patent-in-suit by the defendant.") with Touchscreen Gestures LLC v. Research in Motion Ltd., No. 6:12-

CV-263, 2013 WL 8505349, at *3 (E.D. Tex. Mar. 27, 2013)(requiring the pleading of facts to "demonstrate that [defendant] knew about the patents and acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.").

Under the standards of any of the pertinent circuits, a plausible allegation of pre-suit knowledge is required.  CTP appears to rely upon publicity and congressional testimony by a third party to support its inference of the Defendants' knowledge.  See, e.g., Compl. ¶¶ 34-37 ECF No. 54-2.   More is required to present a plausible of actual knowledge of the Patents in Suit.  See, e.g., MONEC Holding AG v. Motorola Mobility, Inc., 897 F. Supp. 2d 225, 232 (D. Del. 2012)("This court has not been convinced of the sufficiency of pleadings charging knowledge that is based upon a defendant's participation in the same market, media publicity and unrelated litigation by the defendant's competitors concerning the relevant patent.").

The Court shall dismiss, without prejudice, CTP's claims of willful infringement.  However, the Court shall – in the Scheduling Order – provide CTP with an opportunity to engage in some initial discovery with respect to willfulness and, if

appropriate, to seek leave to amend the Complaint to add a willfulness claim.

    C.    The Alice Motions - Invalidity

    Defendants, Command Web Offset Company, Inc., Sandy Alexander, Inc., and Worzalla Publishing Company, contend that Claims 4-9 of the '349 Patent are invalid as patent-ineligible under 35 U.S.C. § 101, citing Alice Corp. Pty. Ltd. v. CLS Bank Int'l, 573 U.S. ---, 134 S. Ct. 2347 (2014).  ECF Nos. 128, 134, 135.

    In Alice, the Supreme Court considered the patent eligibility of certain software claims and reiterated that the right of inventors to obtain patents, as codified in § 101, "contains an important implicit exception: Laws of nature, natural phenomena, and abstract ideas are not patentable."  134 S. Ct. at 2354 (citing Ass'n for Molecular Pathology v. Myriad Genetics, Inc., 133 S. Ct. 2107, 2116 (2013)).  To determine whether the exception under § 101 applies, courts are to apply a two-step test.  Id. at 2355.

    Since patent eligibility is a threshold issue of patentability, and a question of law for the court, it is appropriate to address early in the litigation process.  See Ultramercial, Inc. v. Hulu, LLC, 772 F.3d 709, 717–19 (Fed. Cir.

2014) (Mayer, J., concurring); <u>see also</u> <u>Content Extraction &</u>
<u>Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n</u>, 776 F.3d
1343, 1344 (Fed. Cir. 2014) (affirming district court's grant of
the defendant's motion to dismiss under Rule 12(b)(6) on the
ground that the claims were invalid as patent-ineligible under §
101).

A decision determining whether Claims 4-9 of the '349
Patent are ineligible under 35 U.S.C. § 101 would affect all
defendants in all pending cases.  Accordingly, the Court will
not address the <u>Alice</u> issues without providing an opportunity
for all defendants in all pending cases to participate.


IV.   <u>CONCLUSION</u>

For the foregoing reasons:

1.   The following motions are GRANTED IN PART and
      DENIED IN PART.

| Individual Case Nos. | ECF No. | ECF No. in 14-MD-2581 |
|---|---|---|
| 15-cv-1469-MJG | 22 | 99 |
| 15-cv-1470-MJG | 24 | 128 |
| 15-cv-1471-MJG | 29 | 134 |
| 15-cv-1550-MJG | 29 | NA |
| 15-cv-1552-MJG | 20 | 140 |
| 15-cv-1646-MJG | 23 | 135 |
| 15-cv-1693-MJG | 24 | 156 |
| 15-cv-1813-MJG | 21 | 151 |
| 15-cv-2052-MJG | 12 | 170 |
| 15-cv-2389-MJG | 18 | NA |
| 15-cv-2391-MJG | 11 | NA |

       a.    In all captioned cases, Plaintiff's willfulness claims are dismissed without prejudice to the right to seek leave to amend the complaint to add a willfulness claim.

       b.    In 15-cv-1470-MJG, 15-cv-1471-MJG and 15-cv-1646-MJG, dismissal pursuant to 35 U.S.C. § 101 is denied without prejudice to renewal pursuant to scheduling to be set by further Order.

2.    In all captioned cases, Defendants shall file Answers by October 30, 2015.

SO ORDERED, on <u>Friday, October 2, 2015</u>.

_____/s/_____
Marvin J. Garbis
United States District Judge

13