```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```
_____

| | | |
|---|---|---|
| IN RE: CTP INNOVATIONS, LLC, | ) | MDL No. 14-MD-2581 |
| PATENT LITIGATION | ) | |
|_____| ) | |
| | ) | |
| CTP INNOVATIONS, LLC v. | ) | MJG-15-3124 |
| CENVEO CORPORATION | ) | |
| | ) | |

\*      \*      \*      \*      \*      \*      \*      \*      \*

<u>MEMORANDUM & ORDER RE: DISCOVERY</u>

The Court has before it Cenveo Corporation's Motion for Discovery [ECF No. 386 in 14-md-2581[1]] and the materials submitted relating thereto. The Court finds a hearing unnecessary.

On November 29, 2016, this Court issued a Memorandum and Order Resolving Motions [ECF No. 381] granting Defendants' Joint Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction Due to Plaintiff's Lack of Standing [ECF No. 354]. The Court dismissed all cases filed by CTP,[2] including the instant case, for lack of jurisdiction. Judgment, ECF No. 382. Judgment was entered in the instant case on November 29, 2016. <u>Id.</u>

Cenveo Corporation ("Cenveo") now requests the Court to order CTP to respond to discovery requests that had been served

---

[1]   All ECF Nos. referenced herein are in the Multi-district case 14-md-2581 unless otherwise noted.
[2]   Taylor Publishing Company's Declaratory Judgment Action was dismissed as moot. Judgment, ECF No. 383.

in July 2015, prior to the stay issued by the District of Pennsylvania and subsequent transfer of the instant case to the multi-district litigation.  Cenveo asserts that the answers to the discovery requests would reveal that CTP did not perform adequate pre-filing investigation and contends that it requires this information to properly assess its basis to recover attorneys' fees.[3]  Cenveo further contends that CTP's lack of an adequate pre-filing investigation in the instant case subjects it to sanctions under Rule[4] 11.

The Court does not find that the requested discovery is appropriate in the circumstances of the instant case. "[D]iscovery [for Rule 11 purposes] should be conducted only by leave of the court, and then only in extraordinary circumstances." Fed. R. Civ. P. 11, Advisory Committee Notes (1983). As stated by the Seventh Circuit, "[t]he Advisory Committee Notes to Rule 11 urge that the court limit the scope of sanction proceedings to the record and allow discovery only in extraordinary circumstances, lest the costs of satellite litigation over sanctions outweigh the benefits intended from Rule 11." Indianapolis Colts v. Mayor & City Council of

---

[3] On December 13, 2016, Defendants jointly filed a motion for "an award of attorney fees and/or sanctions pursuant to one or all of 35 U.S.C. §285, 19 U.S.C. §1927 and the court's inherent power to sanction."  Mot. 7, ECF No. 385.  Said motion will be fully briefed and decided in due course.

[4] All "Rule" references herein are to the Federal Rules of Civil Procedure.

Baltimore, 775 F.2d 177, 183 (7th Cir. 1985)(citing Fed. R. Civ. P. 11, Advisory Committee Notes).

On July 17, 2015, CTP responded to Cenveo's communication regarding a proposed sanctions brief by providing an infringement chart.  Cenveo did not then request further information, although it had the opportunity to do so.  Had Cenveo then pursued a Rule 11 motion, CTP would have then been given the opportunity to withdraw offending papers. Rule 11(c)(1)(A).  Cenveo has not presented extraordinary circumstances that would justify reopening the instant case to allow the requested discovery so as to resurrect a long dormant Rule 11 issue.

Accordingly, Cenveo Corporation's Motion for Discovery [ECF No. 386 in 14-md-2581, ECF No. 76 in MJG-15-3124] is DENIED.

SO ORDERED, on Thursday, January 04, 2017.

/s/
Marvin J. Garbis
United States District Judge